**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GARY STOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-09-221-FHS |
| | ) | |
| MUTUAL OF OMAHA LIFE INSURANCE | ) | |
| COMPANY, a foreign Insurance | ) | |
| Corporation, | ) | |
| Defendant. | ) | |

**ORDER**

Before the court for its consideration is the Plaintiff's Motion for Partial Summary Judgment on the Applicability of ERISA (Doc. #16) and Defendant's Combined Motion and Brief for Partial Summary Judgment Regarding the Applicability of ERISA (Doc. #17). The court rules as follows on the motions.

The court finds the facts as follows. Plaintiff Gary Stopp, was employed by the Agua Caliente Band of Cahuilla Indians ("Tribe"). Plaintiff was a participant in the Tribe's Employee Welfare Benefit Plan("Plan"). The Plan was obtained by the Tribe from United of Omaha Life Insurance Company. The Plan purchased was United Group Policy No. GLTD-506E. The Plan provided long-term disability insurance to employees of the Tribe. The plan in question is provided through and administered by the Tribe. The policy year for coverage under the Plan ran from March 1, 2006, through March 1, 2007. Plaintiff's last day of work with the Tribe was January 2, 2007. The Policy and Certificate both explain that the Plan provides coverage for more than one class of eligible employees. The Policy covered 1,998 employee participants lives during the policy year. Of the 1,998

1

employees included in the Plan at least 1,900 were employed in commercial and business enterprises including positions at hotels, restaurants and casinos.  The positions in which the participants performed commercial activities include but are not limited to, Director of Construction, Executive Director of Operations, Operations Executive Director, Player Development Executive Director, Agua Bar and Grill Supervisor, Assistant Hotel Manager, Banquet Services, bartenders, bell staff, beverage supervisors, bingo callers and cashiers, buffet hosts, cashiers, bussers, managers, servers, cage cashiers, cage shift supervisors, casino attendants, chefs, cocktail servers, cooks, court team managers, members and supervisors, culinary employees and supervisors, dealers, dispatch officers, engineers, fitness employees, floor supervisors, guest services representatives, main bank cashiers and bankers, massage therapists, pit clerks, poker cashiers, dealers, floor supervisors, retail attendants and clerks, room attendants, security personnel, shift managers and supervisors, slot attendants, steakhouse servers, stewards, valet assistants and other commercial employees.

In accordance with the requirements of ERISA, for the calendar years 2006 and 2007 the Tribe filed a Form 5500 for its employee welfare benefit plan named the Agua Caliente Flexible Benefits Plan.  The Plan documents indicate the Policy covered 2,013 participants as of October 1, 2006, and 2,129 participants as of October 1, 2007.  On each Form 5500, the Plan administrator was listed as the sponsor Tribe.  The Tribe identified only one disability Plan on each Form 5500.  It was Plan Number 501.

Plaintiff's employment contract is dated June 1, 2006, and his job title listed in the contract is Chief of Staff.  The Job Description Summary for Plaintiff was to "provide administrative

management and support for the Tribal Council; strategic direction in government and legislative affairs and in lobbying; leadership with strong guidance in public relations and policy analysis and updates in all council and ACBCI Tribal affairs."

The issue before the court is whether the tribal plan in question is subject to the terms of ERISA or whether it is exempt under the governmental plan exception. If the court finds the Plan in question is exempt pursuant to the governmental plan exception, plaintiff's state law claims would not be preempted. Prior to the year 2006 employee welfare benefit plans offered by Indian tribal governments were not specifically mentioned in the ERISA statute. Although ERISA was silent as to whether such plans were exempt as governmental plans, it was generally held that ERISA as a statute of general applicability did apply to such plans. Lumber Industrial Pension Fund v. Warm Springs Forest Products Industry, 939 F.2d 683 (9th Cir. 1991) and Smart v. State Farm Insurance Company, 868 F.2d 929 (7th Cir. 1989). While trying to determine whether a tribal retirement plan qualified for the governmental plan exception under ERISA, the Pension Benefit Guaranty Corporation, a body within the Department of Labor, looked at the activities of the covered employees to determine whether a tribal retirement plan fell within the governmental exemption found in ERISA. It found participants performed commercial activities in their factory jobs and the activities did not relate to self-government. As a result, the plan would not qualify for the governmental exemption found in ERISA. Colville Confederated Tribes v. Somday, 96 F. Supp. 2d 1120 (E.D. Wash. 2000).

In August 2006, Congress amended the definition of a governmental plan to exempt from the scope of ERISA some but not

all tribal plans.  The amended definition reads as follows:

> ....a plan which is established and maintained by an Indian tribal government...or an agency or instrumentality or either, and all of the participants of which are employees of such entity substantially all of whose service as such an employee are in the performance of essential governmental functions but not in the performance of commercial activities.   29 U.S.C. Sec. 1002 (32).

There was much discussion by both sides as to whether this amendment was to be retroactively applied to the case at bar. The court declines to decide the issue of whether the amendment is retroactive.  The court finds its decision would be the same regardless of the application of the amendment.  Previous to the 2006 amendment, courts found that ERISA was applicable to tribal plans especially where participants performed commercial activities in their jobs such as in factories. The court finds the Plan in question primarily covered commercial employees.  The undisputed evidence reveals that out of the 1,998 employees covered by the plan in question 1,900 of them were employed in the casino industry.  <u>Lumber Industrial Pension Fund v. Warm Springs Forest Products Industry</u>, 939 F.2d 683 (9th Cir. 1991); <u>Smart v. State Farm Insurance Company</u>, 686 F.2d 929 (9th Cir. 1985) and <u>Colville Confederated Tribes v. Somday</u>, 96 F. Supp. 2d 1120 (E.D. Wash. 2000). Thus, previous to the amendment the finding would be that the plan was subject to the provisions of ERISA and all state law claims would be preempted.

If the court would apply the 2006 amendment the result would be the same.  In <u>Dobbs v. Anthem Blue Cross and Blue Shield</u>, 2010 WL 1225342 (10th Cir. March 31, 2010)the Tenth Circuit Court of Appeals held that in order to determine whether the tribe's Plan is one exempt from ERISA under amended Sec. 1002 (32), this Court must consider not only plaintiff's services as an employee of the

4

Tribe, but also whether substantially all of the services of all of the tribe's employees who are participants in the Plan, performed essential governmental functions. In <u>Dobbs II</u>, the court stated:

> As amended Sec. 1002 (32) defines "governmental plan" to include "a plan which is established and maintained by an Indian tribal government" but only when "all of the participants" in the plan are employees "substantially all of whose services are such an employee are in the performance of essential governmental functions but not in the performance of commercial activities (whether or not essential government function)." Thus, a plan qualifies as a governmental plan only if it is established and maintained by an Indian tribal government and all of the participants and employees primarily engage in essential government functions rather than commercial activities" <u>Dobbs II</u> at 6.

The court has reviewed the evidence submitted by the parties and it appears that of the 1,998 employees who were covered under the plan 1,900 were employed in commercial and business enterprises, including positions at hotels, restaurants and casinos. Plaintiff has submitted absolutely no evidence to dispute this point. According to the test set forth by the Tenth Circuit Court of Appeals the court must look at the employment activities of all the participants in the plan. In doing this, the court concludes that a majority of the participants in the plan were performing commercial activities. Thus, the governmental exception does not apply to the plan at issue. Therefore, it is subject to the provisions of ERISA.

Plaintiff argues that he was covered by a seperate employee welfare benefit plan or disability policy that covered Tribal executives only. However, the court finds there was only one Plan. A review of the documents in question reflects that a single

5

insurance company, United, issued a single disability policy to the Tribe to cover all eligible tribal employees. The court finds the only disability policy at issue is United Policy No. GLTD-506E. Thus it rejects the plaintiff's claim that there was another policy at issue.

Therefore, the court finds that the subject policy is subject to the provisions of ERISA.

IT IS SO ORDERED this 18th day of May, 2010.

Frank H. Seay
United States District Judge